IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SHARRETT | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:16-CV-3397 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, JASON PATRICK, AND | § | |
| RYAN A. ADUDDELL | § | (JURY) |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Liberty Insurance Corporation, incorrectly named as Liberty Mutual Fire Insurance Company, Jason Patrick, and Ryan A. Aduddell (collectively, "Defendants"), timely file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 165th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.    Introduction**

1.    Plaintiff William Sharrett ("Plaintiff") commenced this lawsuit against Defendants in the 165th District Court of Harris County, Texas, by filing his Original Petition on or about October 19, 2016.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A."  Plaintiff served the Original Petition on Defendant Ryan A. Aduddell on October 24, 2016. Plaintiff served the Original Petition on Defendants Jason Patrick and Liberty Insurance Corporation shortly thereafter.

2. Defendants are filing this Notice of Removal within 30 days of their first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, negligence, and gross negligence resulting from the alleged conduct of Defendants. Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant Liberty Insurance Corporation on real and personal property owned by Plaintiff, located in Harris County, Texas, which is alleged to have been damaged by a wind/hail storm.

**B.     Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Liberty Insurance Corporation is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston. Defendant Jason Patrick is a citizen of the State of Illinois.

6. The Court should not consider the citizenship of Defendant Ryan A. Aduddell for purposes of this removal because he has been improperly joined to this case. Under the well-established law of this Circuit, the citizenship of a non-diverse party who has been improperly

joined to a suit solely to defeat diversity jurisdiction should be disregarded when ascertaining whether a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). A defendant is improperly joined when there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state, non-diverse defendant on the claims pleaded in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

7. Here, Plaintiff's claims arise entirely from the alleged improper investigation of an insurance claim for storm damage and the purported wrongful denial of policy benefits. Defendant Aduddell, however, is a Liberty Mutual insurance sales agent who had no part in investigating the underlying claim or otherwise approving or denying benefits. Plaintiff's petition is wholly devoid of any independent factual allegations supporting a cause of action against Defendant Aduddell. *See Sohmer v. Am. Med. Sec., Inc.*, CIV.A. 3:02-CV-1680-, 2002 WL 31323763, at *2-3 (N.D. Tex. Oct. 15, 2002). Accordingly, Defendant Aduddell has been improperly joined, and his citizenship should be disregarded for jurisdictional purposes.

8. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here Plaintiff, in accordance with the pleading requirements of Texas State Courts, has expressly pleaded that he seeks monetary relief damages "of no less than $100,000.00, but no more than $200,000.00[.]" The sum claimed by a plaintiff controls the court's "amount in controversy" analysis. *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995). In general, the court will look to the plaintiff's

complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits.  *Id.*

9. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Id.*  Here, the combination of Plaintiff's allegations and Defendants' evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10. Here, Plaintiff is suing for benefits afforded to him under Defendant Liberty Insurance Corporation's homeowners insurance policy, which provides $302,000.00 in coverage to Plaintiff's home.  *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "B."  In any first party insurance action, the amount of contract damages can be up to the insured amount.  In addition, Plaintiff's pleading states that they are also seeking:

(a) Statutory damages in the amount of 18% interest on the total amount of the claim;

(b) Punitive damages in the amount of three times their actual damages.

Even if Plaintiff had not already pleaded himself above the minimal amount needed for diversity jurisdiction, it is clear the types of damage he is seeking, when considered jointly, put him well above the jurisdictional minimum.  Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

11. For these reasons, Defendants believe it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00. Not only has Plaintiff conceded as much, Defendants have also made such showing by a preponderance of the evidence as required by applicable federal law.

12. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

13. Contemporaneous with the filing of this Notice of Removal, Defendants are filing a Notice of Filing Notice of Removal with the Clerk of Court for the 165th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

14. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

15. Defendants demanded a jury in the state court action. Defendants also request a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

16. All fees required by law in connection with this Notice have been tendered and paid by Defendants.

WHEREFORE, Defendants Liberty Insurance Corporation, incorrectly named as Liberty Mutual Fire Insurance Company, Jason Patrick, and Ryan A. Aduddell hereby remove the above-captioned matter, now pending in the 165th District Court of Harris County, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:     /s/ *J. Mark Kressenberg*
J. Mark Kressenberg
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Travis Cade Armstrong
Fed. Adm. No. 1690801
Texas State Bar No. 24069312
909 Fannin Street
Two Houston Center
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANTS LIBERTY INSURANCE CORPORATION, JASON PATRICK, AND RYAN A. ADUDDELL**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on November 17, 2016 to the following counsel of record:

 Chad T. Wilson
 Kimberly N. Blum
 CHAD T. WILSON LAW FIRM PLLC
 1322 Space Park Dr., Suite A155
 Houston, Texas  77058
 832-414-1432
 281-940-2137 – Facsimile

            /s/ *J. Mark Kressenberg*
            J. Mark Kressenberg

JMK:TCA
2647638_1