10/19/2016 4:02:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13332181
By: Ruth McDugle
Filed: 10/19/2016 4:02:08 PM

## 2016-71605 / Court: 165

CAUSE NO. _____

| | | |
|---|---|---|
| **WILLIAM SHARRETT,** | § | **IN THE JUDICIAL COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY, JASON PATRICK, and** | § | |
| **RYAN A. ADUDDELL** | § | |
| **Defendants.** | § | **_____ DISTRICT COURT** |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William Sharrett, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Mutual Insurance Company ("Liberty Mutual"), Jason Patrick ("Patrick"), and Ryan A. Aduddell ("Aduddell") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

#### DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

#### PARTIES

2.   Plaintiff, William Sharrett, resides in Harris County, Texas.

3.   Defendant, Liberty Mutual Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Liberty Mutual Insurance Company through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

# EXHIBIT A

4.      Defendant Jason Patrick is an individual resident of Warrenville, Illinois. Patrick may be served with citation at the address listed with the Texas Department of Insurance: **27201 Bella Vista Parkway, Warrenville, Illinois 60555**. Plaintiff requests service at this time.

5.      Defendant, Ryan A. Aduddell, is a general lines insurance agent, who engages in the business of selling property and casualty insurance in the State of Texas, and who operates under the course and working scope of employment with Liberty Mutual Insurance Company. Plaintiff requests service of citation upon Ryan A. Aduddell at his place of business: **110 Vintage Park Boulevard, Suite 110, Houston, Texas 77070**. Plaintiff requests service at this time.

**JURISDICTION**

6.      The Court has jurisdiction over Liberty Mutual Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

7.      The Court has jurisdiction over Jason Patrick because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

8.      The Court has jurisdiction over Ryan A. Aduddell because this Defendant engages in the business of selling property and casualty insurance in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

2

## VENUE

9.  Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11. Plaintiff owns a Liberty Mutual Insurance Company homeowner's insurance policy, number H37-298-407215-40 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 14803 Bluffridge Circle, Houston, Texas 77095 ("the Property").

12. Plaintiff came by Liberty Mutual through the recommendation of Aduddell, and ultimately purchased the Policy through Aduddell. At the time the Policy was purchased, Aduddell represented that the Policy Plaintiff purchased provided full coverage for hail and wind related damages.

13. On or about April 18, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Harris County, Texas area.

14. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Liberty Mutual against the Policy for damage to the Property. Liberty Mutual assigned claim number 033615144-01 to Plaintiff's claim.

15. Plaintiff asked Liberty Mutual to cover the cost of damage to the Property pursuant to the Policy.

3

16.    Liberty Mutual, through its agents, namely Patrick, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    The initial adjustment of the claim occurred on or around April 24, 2016. Patrick found $642.31 in damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19.    Plaintiff hired a third party inspector to review the Damaged areas of the property, and his investigation uncovered damages to roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system caused by the storm. The storm created openings in the roof allowing water to enter, causing water damage to the following areas of the interior: kitchen, dining room, first bathroom, and second bathroom.

20.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $50,500.69.

21.    Patrick had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Patrick. The valuation of damages that were included in Patrick's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Patrick.

22.    Furthermore, Patrick was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Patrick had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

23. Patrick made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

24. Patrick made further misrepresentations to Plaintiff during his inspection. Patrick used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

25. Since due demand was made on August 15, 2016, Liberty Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

26. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Liberty Mutual failed to provide full coverage due under the Policy.

27. As a result of Liberty Mutual's failure to provide full coverage, along with Liberty Mutual's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

28. Liberty Mutual failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Liberty Mutual refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

29.      Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Liberty Mutual and Plaintiff.

30.      Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

31.      Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

32.      Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Liberty Mutual, through its agents, servants, and representatives, namely Patrick, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.      Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

34.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment
       of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under
       the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants
       have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not
       received full payment for the claim.

35.    Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services
       of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

36.    All paragraphs from the fact section of this petition are hereby incorporated into this
       section.

### BREACH OF CONTRACT

37.    Liberty Mutual is liable to Plaintiff for intentional violations of the Texas Insurance Code,
       and intentional breach of the common law duty of good faith and fair dealing.  It follows,
       then, that the breach of the statutory duties constitutes the foundation of an intentional
       breach of the insurance contract between Liberty Mutual and Plaintiff.

38.    Liberty Mutual's failure and/or refusal to pay adequate coverage as obligated under the
       terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the
       insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

39.    Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code,
Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this
article are actionable by TEX. INS. CODE §541.151.

40.    Liberty Mutual's unfair settlement practice of misrepresenting to Plaintiff material facts
relating to coverage constitutes an unfair method of competition and a deceptive act or
practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

41.    Liberty Mutual's unfair settlement practice of failing to attempt in good faith to make a
prompt, fair, and equitable settlement of the claim, even though liability under the Policy
was reasonably clear, constitutes an unfair method of competition and a deceptive act or
practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

42.    Liberty Mutual's unfair settlement practice of failing to provide Plaintiff a prompt and
reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,
for partial denial of the claim, constitutes an unfair method of competition and a deceptive
act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

43.    Liberty Mutual's unfair settlement practice of failing within a reasonable time to affirm or
deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a
deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

44.    Liberty Mutual's unfair settlement practice of refusing to pay Plaintiff's claim without
conducting a reasonable investigation constitutes an unfair method of competition and a
deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.    Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code,
       Prompt Payment of Claims. All violations made under this article are actionable by TEX.
       INS. CODE §542.060.

46.    Liberty Mutual's failure to notify Plaintiff in writing of its acceptance or rejection of the
       full claim within the applicable time constraints constitutes a non-prompt payment in
       violation of TEX. INS. CODE §542.056.

47.    Liberty Mutual's delay in paying Plaintiff's claim following receipt of all items,
       statements, and forms reasonably requested and required, for longer than the amount of
       time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE
       §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48.    Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and
       fair dealing owed to an insured in insurance contracts.

49.    Liberty Mutual's failure to adequately and reasonably investigate and evaluate Plaintiff's
       claim, although, at that time, Liberty Mutual knew or should have known by the exercise
       of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty
       of good faith and fair dealing.

## DTPA VIOLATIONS

50.     Liberty Mutual's conduct constitutes multiple violations of the Texas Deceptive Trade

Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer

of goods and services provided by Liberty Mutual pursuant to the DTPA.  Plaintiff has met

all conditions precedent to bringing this cause of action against Liberty Mutual.

Specifically, Liberty Mutual's violations of the DTPA include, without limitation, the

following matters:

A.     By its acts, omissions, failures, and conduct, Liberty Mutual has violated sections

17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Liberty Mutual's

violations include without limitation, (1) unreasonable delays in the investigation,

adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the

benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's

property when liability has become reasonably clear, which gives Plaintiff the right

to recover under section 17.46(b)(2).

B.     Liberty Mutual represented to Plaintiff that the Policy and Liberty Mutual's

adjusting and investigative services had characteristics or benefits that they did not

possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the

DTPA.

C.     Liberty Mutual also represented to Plaintiff that the Policy and Liberty Mutual's

adjusting services were of a particular standard, quality, or grade when they were

of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Liberty Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Liberty Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Liberty Mutual's actions are unconscionable in that Liberty Mutual took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Liberty Mutual's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Liberty Mutual's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.    Each of the above-described acts, omissions, and failures of Liberty Mutual is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

52.    Liberty Mutual is liable to Plaintiff for common law fraud.

53.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Liberty Mutual knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.    Liberty Mutual made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT JASON PATRICK

55.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

56.    All allegations above are incorporated herein.

57.    Patrick's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

58.    Patrick is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Liberty Mutual, because Patrick is a "person," as defined by TEX. INS. CODE §541.002(2).

59.    Patrick knowingly underestimated the amount of damage to the Property. As such, Patrick failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

60.    Furthermore, Patrick did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

61.    Patrick's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

62.     Patrick's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

63.     All allegations above are incorporated herein.

64.     Patrick's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Patrick pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Patrick.  Specifically, Patrick's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Patrick has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Patrick's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Patrick represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Patrick represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Patrick's actions are unconscionable in that Patrick took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Patrick's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Patrick's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.    Each of Patrick's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Patrick, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## FRAUD

66.    Liberty Mutual assigned or hired Patrick to adjust the claim.

a.    Patrick had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Patrick. The valuation of damages that were included in Patrick's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Patrick.

b.    Furthermore, Patrick was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Patrick had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.   Patrick made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

## NEGLIGENCE

67.   Patrick was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection;

b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

68.   Patrick's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

69.   At all relevant times, Patrick was an agent or employee of Defendant Liberty Mutual.

70.   Patrick's unreasonable inspection was performed within the course and scope of his duties with Defendant Liberty Mutual. Therefore, Liberty Mutual is also liable for the negligence of Patrick through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

71. Patrick's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Patrick's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Patrick had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

72. Patrick intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Liberty Mutual. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## CAUSES OF ACTION AGAINST RYAN A. ADUDDELL

73. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## DTPA VIOLATIONS

74. Aduddell's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, his violations of the DTPA include, without limitation, the following matters:

A.   By his acts, omissions, failures, and conduct, Aduddell violated sections 17.46(b)(2) and 17.46(b)(5) of the DTPA. Aduddell's violations include causing confusion as to the Policy benefits, and representing that the Policy had benefits or characteristics that it did not possess.

B.   Aduddell breached an express warranty during the sale of the Policy that the damages caused by storm created openings would be covered under the Policy, when they were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12), 17.46(b)(20), and 17.50(a)(2) of the DTPA.

C.   The conduct, acts, omissions, and failures of Aduddell are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

D.   The conduct, acts, omissions, and failures of Aduddell are unconscionable in that he took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. This unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

75.   Each of the above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally" by Aduddell, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

76.   Aduddell was negligent in his action and/or omission with regard to his explanation of the terms of coverage regarding Plaintiff's Policy. Aduddell violated the standard of care and fell below the applicable standard of an insurance agent licensed by the state of Texas. Those failures include one or more of the following acts or omissions:

A.     Failure to adequately explain the coverage provided by the Policy;

B.     Failure to adequately explain the exclusions to coverage under the Policy;

C.     Failure to adequately explain endorsements added to Plaintiff's Policy;

D.     Failure to adequately explain what type of damage is not covered and why under the Policy; and

E.     Failure to communicate to Plaintiff that Allstate would attempt to deny covered damage under the Policy.

77.    Aduddell's acts and/or omissions constitute negligence. His conduct was the proximate cause of the damages sustained by Plaintiff.

78.    At all relevant times, Aduddell was an agent or employee of Defendant Allstate.

79.    Aduddell's unreasonable actions and omissions were performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Aduddell through the doctrine of respondeat superior.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATION REGARDING POLICY OR INSURER

80.    Aduddell's conduct constitutes multiple violations of the Texas Insurance Code. Misrepresentations Regarding Policy or Insurer. TEX. INS. CODE §541.051(1)(a) and TEX. INS. CODE §541.051(1)(b). Specifically, Aduddell misrepresented that the Policy afforded benefits in the form of payment for damages caused by storm created openings, when the Policy did not.

## KNOWLEDGE

81. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

82. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

83. Since the claim was made, Liberty Mutual has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

84. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

85.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

86.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

87.     The damage to Plaintiff's Property is currently estimated at $50,500.69.

88.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

89.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

90.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Liberty Mutual owed, and exemplary damages.

91.  Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

92.  For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

93.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

94.  As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

95.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

96.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Liberty Mutual Insurance Company, Jason Patrick, and Ryan A. Aduddell be cited and served to appear, and that upon trial hereof, Plaintiff,  William Sharrett, has and recovers from Defendants Liberty Mutual Insurance Company, Jason Patrick, and Ryan A. Aduddell, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, William Sharrett, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL®

7014 2120 0001 7724 4817

Liberty Mutual Insurance Company
c/o Corporation Service Company
211 East 7th St., Ste. 620
Austin, TX 78701-3218